*Mahar v. Warren Cty. Bd. of Supervisors*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges,*
> JESSE M. FURMAN,*
> > *District Judge.*

_____

William Mahar,

> *Plaintiff-Appellant,*

> v.                                                          18-1810

Warren County Board of Supervisors, c/o Ronald
Conover, Chairman, Warren County,

> *Defendants-Appellees.*

_____

*Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        William Mahar, <u>pro se</u>, Warrensburg, NY.

FOR DEFENDANTS-APPELLEES:      Amy M. Lavine, First Assistant County Attorney, *for* Mary Elizabeth Kissane, Warren County Attorney, Lake George, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

William Mahar appeals from the grant of summary judgment to defendants on his claims under 42 U.S.C. § 1983 alleging that the Warren County, New York Board of Supervisors ("Board") violated the Equal Protection Clause by requiring that, if a town is only entitled to a single representative on the Warren County Board of Supervisors (like Mahar's), the town supervisor must serve as that representative. He alleges that this violates equal protection because residents of towns that are entitled to more than one representative on the Board are entitled to vote for *both* a town supervisor and additional board representatives. The district court ruled that the case is barred by res judicata and that the complaint failed to establish an equal protection claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

2

We affirm the district court's judgment on the merits.[1]   "The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.'"   *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).   "To decide whether a law violates the Equal Protection Clause," a court examines "the character of the classification in question; the individual interests affected by the classification; and the governmental interests asserted in support of the classification." *Dunn v. Blumstein*, 405 U.S. 330, 335 (1972).   First, a court "must determine what standard of review is appropriate."   *Id.*   Mahar argues that the district court erred in applying the rational basis test and instead should have applied strict scrutiny because the claim involves the fundamental right of voting.

We conclude that rational basis review was appropriate.   Not all claims involving voting are subject to strict scrutiny.   *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992).   Generally, only claims that implicate the denial of the right to vote or involve other suspect classifications or rights are subject to strict scrutiny; other voting claims are subject to only rational basis review.   *See McDonald v. Bd. of Elec. Com'rs of Chicago*, 394 U.S. 802, 807–09 (1969) (applying rational basis review to challenge to absentee ballot law because it did not "absolutely prohibit[]" the plaintiff "from exercising the franchise").

The local laws provide that each town or city ward is represented on the Board by at least one member.   In the case of a town entitled to only one board member, the elected town supervisor is automatically the board member.   A town entitled to multiple board members is represented by the town supervisor and a certain number of "at-large" representatives elected by that town's residents to account for its higher population.   In sum, all residents of Warren County are represented on the Board by elected officials.   Mahar asserts that this apportionment system denies him equal protection because he, as a resident of a small town, cannot vote directly for a County Board Member but can vote only for a town supervisor, while residents of larger towns can vote directly for a County Board Member, in addition to voting for a town supervisor.

The questions are whether this calls for strict scrutiny and whether it violates equal protection.   We answer no to both questions.   The reason "[s]tatutes granting the franchise to residents on a selective basis" are subject to strict scrutiny is that they "always pose the danger of denying some citizens *any* effective voice in the

---

[1] The Board argues that Mahar lacks standing.   We disagree.   Mahar contends that the local law "decreases [his] voting choices relative to voters in other districts," which suffices to establish an injury for Article III purposes.   *See, e.g.*, *Rockefeller v. Powers*, 74 F.3d 1367, 1376 (2d Cir. 1995).

governmental affairs which substantially affect their lives." *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 626–27 (1969) (emphasis added). Those statutes challenge the "assumption that institutions of state government are structured so as to represent fairly all the people." *Id.* at 628. The local laws at issue here do not deny Mahar an equal voice in his county government. They do not dilute his representation on the Board relative to residents of larger towns. *See id.* at 627 n.7 ("[T]he effectiveness of any citizen's voice in governmental affairs can be determined only in relationship to the power of other citizens' votes"). On the contrary, the sole issue is that Mahar cannot *separately* vote for his Board representative. *See McDonald*, 394 U.S. at 807–08 (concluding that strict scrutiny was not warranted because the "right to vote [wa]s not at stake . . . but [rather] a claimed right to receive absentee ballots."). Although the local laws do create a distinction between the residents of different towns, the distinction does not affect Mahar's representation in county government. Nor does Mahar assert in this action that the apportionment scheme leaves him underrepresented on the Board, or that residents of more-populated towns are overrepresented. *Cf. Reynolds v. Sims*, 377 U.S. 533, 568 (1964) (concluding that an apportionment scheme that dilutes the weight of some voters compared to others living in different parts of a state violates the Equal Protection Clause). Accordingly, we conclude that rational basis, and not strict scrutiny, is the appropriate test.

Under rational basis review, courts "will not overturn such [government action] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 84 (2000) (internal quotation marks omitted; alterations in original). Here, the local laws are closely related to three government objectives: (1) the apportionment of votes to ensure that each citizen's vote is weighed equally, (2) the preservation of county boundaries, and (3) the benefits of having an integrated town-county system of government. *See Brown v. Thompson*, 462 U.S. 835, 847 (1983) (concluding that an apportionment plan was "justified on the basis of Wyoming's longstanding and legitimate policy of preserving county boundaries"); *Reynolds*, 377 U.S. at 565–66 ("[T]he achieving of fair and effective representation for all citizens is . . . the basic aim of legislative apportionment[.]"); *Abate v. Mundt*, 403 U.S. 182, 186-87 (1971) (affirming the apportionment plan of Rockland County's "dual personnel" legislature in part based on "the advantages of having the same individuals occupy the governing positions of both the county and its towns," "the need for intergovernmental coordination," and "the extensive functional interrelationships between Rockland County and its towns"). Here, the local laws preserve each town's political borders; provide for equal representation on the Board by allocating extra representatives to larger towns who are elected "at large" by those town's residents; and facilitate coordination between town

4

and county governments by having town supervisors also serve as county legislators. It cannot be said that Warren County's scheme is "so unrelated" to those legitimate government purposes that it is irrational. *Kimel*, 528 U.S. at 84. Because rational basis review was appropriate and Mahar's challenge to the local laws fails under that standard, the district court properly granted summary judgment to the defendants.

We have reviewed the remainder of Mahar's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court